# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:19-cr-00044 |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON DEFENDANT'S MOTION TO** |
| JUNIOR EMILIO ROLDAN-MARIN, | ) | **STRIKE OR DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TABLE OF CONTENTS

I.   INTRODUCTION……………………………………………………………………2

II.  FINDING OF FACTS……………………….………………………………………..4

III. ANALYSIS...…………………...………………………………………………………6

    A.   18 U.S.C. § 922(g)(3) – Unlawful user of and addicted to a controlled substance…..6

        1. Facial Challenge…………………………………………………………………8
        2. As Applied Challenge………………………………………………….…..10

    B.   18 U.S.C. § 922(g)(9) - Misdemeanor Crime of Domestic Violence……………..11

        1. Categorical Approach Analysis………………………………………….....15
            a.   Iowa Code Section 708.1………………………………………...…15
            b.   Iowa Code Section 708.2A(2)(c)……………………………….....17
        2. Divisibility………………………………………………………….....20
        3. Modified Categorical Approach Analysis……………………………….....25

IV.  RECOMMENDATION AND ORDER…………………………………………..29

## I. INTRODUCTION

This matter comes before the Court pursuant to the Motion to Strike or Dismiss Certain Allegations in the Indictment (Dkt. No. 37) and supporting Brief (Dkt. No. 37-1) filed by Junior Emilio Roldan Marin ("Defendant") on August 6, 2019. The Government resisted the motion on August 27, 2019. Dkt. No. 55. This matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for report and recommendation by Chief Judge John A. Jarvey on August 19, 2019. Dkt. No. 51. Trial is set for December 16, 2019. Dkt. No. 74.

An evidentiary hearing was held on September 5, 2019 in connection with this motion and Defendant's Motion to Suppress. Dkt. 56. The Government appeared by Assistant U.S. Attorneys Andrea Glasgow and Cliff Cronk. Defendant appeared personally and with his attorney, Assistant Federal Defender Terry L. McAtee. The Court received Government's Exhibit #1 – Trial Court's Trial Information for Defendant's domestic abuse assault conviction, Johnson County Case No. FECR 112728; Government's Exhibit #2 – Waiver of Rights and Plea of Guilty for Defendant's domestic abuse assault conviction, Johnson County Case No. FECR 112728; Government's Exhibit #3 – Order Accepting Guilty Plea & Entering Judgment and Sentence for Defendant's domestic abuse assault conviction, Johnson County Case No. FECR 112728; Government's Exhibit #4 – Johnson County Clerk's Certificate for Defendant's domestic abuse assault conviction, Johnson County Case No. FECR 112728; Government's Exhibit #5 – Officer Jacob Belay's body camera video; Government's Exhibit #6 – Officer Ryan Schnackel's body camera video; and Government's Exhibit #7 – the redacted search warrant and supporting documentation. The Court did not receive any exhibits from Defendant in connection with this motion.

At the hearing, the Court heard arguments from the counsel for the Government and for Defendant. Subsequent to the hearing, the Government submitted a supplemental brief (Dkt. No. 57)

on September 6, 2019 and a notice of supplemental authority (Dkt. No. 60) on September 14, 2019. Considering these filings, the Defendant was granted leave to submit further briefing on the issues before the Court on or before September 23, 2019. Dkt. No. 61. Defendant made no further filings as to that matter.

On October 9, 2019, a Second Superseding Indictment was returned. Dkt. No. 63. Defendant was arraigned on the Second Superseding Indictment on October 16, 2019. Dkt. No. 72. Due to the filing of this indictment subsequent to the filing of the instant motion, Defendant was granted leave to submit further briefing on or before October 21, 2019. *Id.* The Government was granted leave to respond on or before October 28, 2019. *Id.* Defendant filed his Supplemental Brief in Support of Motion to Strike or Dismiss on October 21, 2019. Dkt. No. 77. The Government filed its Response to Defendant's Supplemental Brief in Support of Motion to Strike or Dismiss on October 24, 2019. Dkt. 81.

On October 21, 2019, the Court ordered the Government to file a response regarding the completeness of Government's Exhibits 1-4, as the exhibits appeared to be missing pages. Dkt. 76. The Government responded the same date and filed as electronic exhibits, complete copies of Government's Exhibits 1-4. Dkt. 78. On October 28, 2019, the Government filed a Motion to Reopen the Record and Offer of Exhibits. Dkt. 85. Defendant did not file a response and on November 6, 2019, the motion was granted, admitting into the evidence for this matter, complete copies of Government's Exhibits 1-4. Dkt. 86. The matter is now fully submitted.

This Magistrate Judge has carefully considered the record evidence, the arguments and statements of counsel and submits the following report. As set forth below, based on the facts presented and applicable law, it is recommended that the motion seeking to strike or dismiss the allegation under 18 U.S.C. § 922(g)(3) as to the facial constitutional challenge be denied and as to

the as applied constitutional challenge be deferred until there is a trial on the merits. It is further recommended that the request in the motion seeking to dismiss the allegation under 18 U.S.C. § 922(g)(9) be denied.

## II. FINDINGS OF FACT

Defendant was indicted on May 8, 2019, on one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3), 922(g)(8), 922(g)(9) and 924(a)(2). Dkt. No. 1. The Indictment charged that Defendant possessed a firearm and ammunition, in and affecting commerce, and that he was prohibited from possessing such firearm and ammunition for:

    1. being a user of controlled substances, pursuant to 18 U.S.C. § 922(g)(3);

    2. having a valid no contact order in place, pursuant to 18 U.S.C. § 922(g)(8); and

    3. having been previously convicted of a "misdemeanor crime of domestic violence", pursuant to 18 U.S.C. § 922(g)(9).

Dkt. No. 1.

A Superseding Indictment was filed on August 7, 2019 (Dkt. No. 40) for the same one count "to comply with the recent court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), reference the defendant's knowledge of his prohibited status." Dkt. No. 43. The count in the superseding indictment charged the same three grounds that Defendant was prohibited from possessing a firearm as the initial indictment – namely, at the time of the possession of the firearm, Defendant:

    1. knew he was an unlawful user of controlled substances, pursuant to 18 U.S.C. § 922(g)(3);

    2. knew he was subject to a court order, which prohibited him from possessing firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(8); and

    3. knew he had previously been convicted of a "misdemeanor crime of domestic violence", pursuant to 18 U.S.C. § 922(g)(9).

Dkt. No. 40.

A Second Superseding Indictment was filed on October 9, 2019 for the same one count, charging that Defendant possessed a firearm and ammunition, in and affecting commerce, and he was prohibited from possessing such firearm and ammunition as follows:

> [a]t the time of the offense, the defendant knew he was an unlawful user of and addicted to a controlled substance; knew he had been convicted of a misdemeanor crime of domestic violence; and knew he was subject to a court order issued by the Johnson County, Iowa, District Court, on October 19, 2016, under case number FECR 112728, and issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner, restraining him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner, that by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, and that included a finding that the defendant was a credible threat to the physical safety of the intimate partner.

Dkt. No. 63. The Government indicated the **Second Superseding Indictment** "contains additional statutory language regarding the status of being in violation of a no contact order. The substance of the charge is unchanged." Dkt. No. 66. The Court notes, however, the **Second Superseding Indictment** also includes additional language, alleging Defendant, at the time of the offense, "knew he was an unlawful user of *and addicted to a* controlled substance." Dkt. No. 63 (emphasis added). The Government did not set forth this additional language, included in the Second Superseding Indictment, as required by Local Rule Criminal Rule 7(b).

Previously, on October 19, 2016, Defendant was convicted in the Iowa District Court in and for Johnson County of violating Iowa Code Sections 708.2A(1) and 708.2A(2)(c). *See* Government's Exhibits 1, 2 and 3.

## III.  ANALYSIS

Defendant moves to strike or dismiss the allegation under 18 U.S.C. § 922(g)(3), arguing the phrase "unlawful user of and addicted to a controlled substance" is unconstitutionally vague, both facially and as applied. Dkt. Nos. 37-1 pp. 2-5 and 77 pp. 1-3. In addition, Defendant moves to strike or dismiss the allegation under 18 U.S.C. § 922(g)(9), contending his prior conviction does not qualify as a "misdemeanor crime of domestic violence" because it did not require the use of force necessary under 18 U.S.C. § 921(a)(33). Dkt. 37-1 pp. 5-9.

The Government resists the motion. Dkt. Nos. 55, 57, 60, 81.

### A.  18 U.S.C. § 922(g)(3) – Unlawful user of and addicted to a controlled substance

The Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2556 (2015). It has been established that the government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Id.* (citing *Kolender v. Lawson,* 461 U.S. 352, 357–58 (1983)). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process." *Id.* at 2556-57 (quoting *Connally v. General Constr. Co.,* 269 U.S. 385, 391 (1926)).

A two-pronged analysis is conducted in determining whether a statute is unconstitutionally vague: (1) the statute must define the offense with sufficient definiteness to provide fair warning or adequate notice as to what conduct is prohibited, and (2) it must also define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. *United States v. Ghane,* 673 F.3d 771, 777 (8th Cir. 2012) (citing *United States v. Washam,* 312 F.3d 926, 929 (8th Cir. 2002)). As to

overbreadth, a statute is considered overbroad if it prohibits constitutionally protected conduct in addition to the conduct the statute seeks to proscribe. *Id.* (citing *Grayned v. City of Rockford,* 408 U.S. 104, 114 (1972)).

Title 18 U.S.C. § 922(g)(3) states that it is unlawful for any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(3). Defendant argues this section of the Second Superseding Indictment should be stricken or dismissed because the phrase "unlawful user of or addicted to any controlled substance" is unconstitutionally vague. Dkt. Nos. 37-1 pp. 2-5 and 77 pp. 1-3. Defendant states he is bringing both a facial and an as applied constitutional challenge to this provision of the statute. Dkt. 37-1 p. 3 n. 1.

As for the facial challenge, Defendant argues:

> a facial challenge to 18 U.S.C. § 922(g)(3) can be brought in a pretrial motion to dismiss. *See United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016), (n.1). Prior to the *Johnson* opinion, an Eighth Circuit panel held that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks. *United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012). However, in *Turner*, the Eighth Circuit acknowledged that in the *Johnson* opinion the Supreme Court noted that its holdings "squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Turner*, 842 F.3d 602, 605, n.1 (8th Cir. 2016).

*Id.* p. 4. Accordingly, on its face, Defendant contends this statute is vague for several reasons. First, the phrase "unlawful user of a controlled substance" is not defined by statute. *Id.* Second, unlike possession or distribution of drugs, there is no federal statute which makes using drugs illegal. *Id.* Third, the judicially mandated temporal proximity between drug use and possession of a firearm is not defined. *Id.* Fourth, the term "regular use" has not been defined. *Id.*

Concerning the as applied challenge, Defendant argues:

> [t]he phrase "unlawful user of ... any controlled substance" is not defined by statute and "runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun enforcement and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003) (reversed on other grounds 125 S.Ct. 1047). The Eighth Circuit has further stated that, "it is plausible that the terms "unlawful user of a controlled substance" and "addicted to a controlled substance" could be unconstitutionally vague under some circumstances." *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016).

*Id.* p. 3. Defendant contends, even with such a judicially created temporal nexus, this section of the statute is still unconstitutionally vague because the temporal nexus itself has not been defined, rather, the approach by the Eighth Circuit appears to consider a defendant's behavior after the fact. *Id.*

The Government resists, contending a defendant can raise in a pretrial motion only issues that may be determined without a trial on the merits. Dkt. 55 p. 3. Because an as applied constitutional challenge involves an examination of the merits of the charged conduct, it cannot be ruled upon prior to trial, and ruling on it should be reserved until trial is held. *Id.* As to the facial constitutional challenge, the Government insists under Eighth Circuit case law, Defendant is not entitled to bring such a challenge. Dkt. 81 p. 3. Even if he is, he must first show the statute is vague as applied to him. *Id.* pp. 2-3.

### 1. Facial Challenge

Prior to *Johnson,* Eighth Circuit caselaw provided a facial attack to a statute based on a vagueness challenge that does "not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Ghane,* 673 F.3d at 777 (quoting *Washam,* 312 F.3d at 929). However, Defendant suggests the *Johnson* opinion has opened the door such that facial challenges can be brought in a pretrial motion to dismiss. Dkt. 37-1 p. 4. In support of this, Defendant cites a footnote in *United States v. Turner* which states:

> [a]lthough a facial challenge to 18 U.S.C. § 922(g)(3) could be brought in a pretrial motion to dismiss, see *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010), a panel of our court has held that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks. See, e.g., *United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012); but see *Johnson v. United States*, —— U.S. ——, 135 S.Ct. at 2561 (stating that the Supreme Court "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp").

842 F.3d 602, 606 n. 1 (8th Cir. 2016).

Regardless, post-*Johnson* Eighth Circuit precedent makes it clear *Johnson* did not abandon the general prohibition on facial vagueness challenges by a defendant whose conduct is clearly prohibited by a statute. *United States v. Bramer*, 832 F.3d 908, 909-10 (8th Cir. 2016). *Bramer* states:

> [t]hough we are inclined to think that this argument could be meritorious under the right factual circumstances, it fails here. Bramer's argument rests in large part on *Johnson v. United States*, ——U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which applied a more expansive vagueness analysis than prior case law might have suggested. Before *Johnson*, we required defendants challenging the facial validity of a criminal statute to establish that "'no set of circumstances exist[ed] under which the [statute] would be valid.'" *United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). *Johnson*, however, clarified that a vague criminal statute is not constitutional "merely because there is some conduct that falls within the provision's grasp." *Johnson*, 135 S.Ct. at 2561.
> Though Bramer need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct. *United States v. Cook*, 782 F.3d 983, 987 (8th Cir.), cert. denied, —— U.S. – ——, 136 S.Ct. 262, 193 L.Ed.2d 193 (2015) (" 'a [defendant] who engages in some conduct that is clearly prohibited cannot complain of the vagueness of the law as applied to the conduct of others' " (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010))).

*Id.* at 909.

Consistent with this, Justice Clarence Thomas notes in his dissent in *Session v. Dimaya*:

> [t]his Court's precedents likewise recognize that, outside the First Amendment context, a challenger must prove that the statute is vague as applied to him. See *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19, 130 S.Ct. 2705, 177

> L.Ed.2d 355 (2010); *United States v. Williams*, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008); *Maynard*, 486 U.S., at 361, 108 S.Ct. 1853; *Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 495, and n. 7, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (collecting cases). *Johnson* did not overrule these precedents. While *Johnson* weakened the principle that a facial challenge requires a statute to be vague "in *all* applications," 576 U.S., at ——, 135 S.Ct., at 2561 (emphasis added), it did not address whether a statute must be vague as applied to the person challenging it.

138 S.Ct. 1204, 1250 (2018).  As such, even after *Johnson*, Defendant still must show the statute is vague as applied as to his particular conduct and for this reason his facial challenge fails. *Bramer* 832 F.3d at 909.

### 2.      As Applied Challenge

Regarding the as applied challenge, a defendant may raise by pretrial motion any defense on issues that can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(1). A motion is capable of pretrial determination "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity" of the motion. *United States v. Covington*, 395 U.S. 57, 60 (1969). The district court must rule on such a motion before trial unless there is "good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). Courts may not, however, make factual findings when an issue is "inevitably bound up with evidence about the alleged offense itself." *Turner*, 842 F.3d at 605 (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998) (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994))).

In order to rule on Defendant's as applied constitutional challenge, the Court must determine whether he has engaged in regular drug use or was addicted to a controlled substance at the time of the possession of the firearm. *Id*. The "facts surrounding the commission of the alleged offense" would assist with that determination, and the contested defense therefore cannot be ruled upon

without a "trial on the merits." *Id.* A "decision should be deferred if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *Id.* (citations omitted). As these determinations fall within findings that a jury is required to make, ruling on Defendant's as applied challenge must be done in connection with a trial on the merits.

Accordingly, this Magistrate Judge recommends a finding that the motion to dismiss based upon a facial challenge to 18 U.S.C. § 922(g)(3) must fail under controlling Eighth Circuit law and should, therefore, be denied. Further, this Magistrate Judge recommends a finding that the motion to dismiss based upon an as applied challenge to 18 U.S.C. § 922(g)(3) should be deferred, pursuant to Federal Rule of Criminal Procedure 12(d), for resolution until a trial on the merits.

### B.      18 U.S.C. § 922(g)(9) - Misdemeanor Crime of Domestic Violence

Title 18, United States Code, Section 922(g)(9) states that it is unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9).  A "misdemeanor crime of domestic violence" is defined as "a misdemeanor under Federal, State, or Tribal law" which "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(i) and (ii).

Defendant was convicted in the Iowa District Court in and for Johnson County of violating Iowa Code Sections 708.2A(1) and 708.2A(2)(c). Government's Exhibit 3.

Iowa Code Section 708.2A provides, in relevant, part as follows:

1. For the purposes of this chapter, "domestic abuse assault" means an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2, subsection 2, paragraph "a", "b", "c" or "d".

2. On a first offense of domestic abuse assault, the person commits:

    a. A simple misdemeanor for a domestic abuse assault, except as otherwise provided.

    b. A serious misdemeanor, if the domestic abuse assault causes bodily injury or mental illness.

    c. An aggravated misdemeanor, if the domestic abuse assault is committed with the intent to inflict a serious injury upon another, or if the person uses or displays a dangerous weapon in connection with the assault. This paragraph does not apply if section 708.6 or 708.8 applies.

    d. An aggravated misdemeanor, if the domestic abuse assault is committed by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person.

Iowa Code Section 708.2A.[1]

Iowa Code Section 708.1 provides, in relevant part, as follows:

1. An assault as defined in this section is a general intent crime.

2. A person commits an assault when, without justification, the person does any of the following:

    a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

    b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

---

[1] Iowa Code Section 708.2A(2)(c), which provides for increased punishment for a person convicted of domestic abuse assault under certain circumstances, is very similar to Iowa Code Section 708.2(3) which provides for increased punishment for a person convicted of assault under certain circumstances, that is *not* domestic abuse assault. Both sections provide a person convicted of an assault where the person "uses or displays a dangerous weapon in connection with the assault" will be punished as an aggravated misdemeanor. *See* Iowa Code Sections 708.2(3); 708.2A(2)(c).

       c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code Section 708.1.[2]

Defendant moves to strike or dismiss the allegation under 18 U.S.C. § 922(g)(9), contending his prior conviction does not qualify as a "misdemeanor crime of domestic violence" because it did not require the use of physical force necessary under 18 U.S.C. § 921(a)(33)(A)(ii). Dkt. 37-1 pp. 5-9. In support of this argument, he argues applying *Mathis v. United States* to this case requires application of the categorical approach to the statute in question. *Id.* pp. 6-7. *Mathis* explains the difference between "elements" and "means" in a statute. *Id.* p. 7. Defendant asserts because Iowa Code Section 708.1 defines alternative means of committing assault, as opposed to alternative elements, the statute is not divisible. *Id.* Because the assault statute is not divisible and includes actions which cannot be considered to include physical force, a violation of this statute does not necessarily involve a misdemeanor crime of domestic violence. *Id.* p. 8.

Defendant also contends his conviction under Iowa Code Section 708.2A(2)(c) does not qualify as a misdemeanor crime of domestic violence. *Id.* That section provides a person committing a domestic abuse assault commits an aggravated misdemeanor if the person uses or displays a dangerous weapon in connection with the assault.  Defendant argues neither "uses" nor "displays" a dangerous weapon meets the definition of physical force. *Id.* Accordingly, because the Iowa assault statute is broader than the definition of crime of domestic violence and because it is indivisible, it cannot be a crime of domestic violence. *Id.* p. 9.

---

[2] Iowa Code Sections 708.1(2)(a), (b) and (c) were previously numbered Iowa Code Sections 708.1(1), (2) and (3). For purposes of clarity, this Report and Recommendation will refer to and cite only Sections 708.1(2)(a), (b) and (c), substituting and referencing such sections in lieu of references to Iowa Code Sections 708.1(1), (2) or (3).

The Government argues Iowa Code Section 708.1 is divisible, and the Court should apply the modified categorical approach. Dkt. 55 pp. 4-5. Under that approach, the Court can look to certain documents to determine under what section of the assault statute Defendant's conviction falls. *Id.* pp. 4-6. The Government reasons by reviewing those documents here, it can be determined Defendant's conviction meets the requirement of physical force necessary to meet the definition of a misdemeanor crime of domestic violence. *Id.* pp. 5-6. Regardless, even if the assault statute is not divisible, the Government contends the statute of conviction, Iowa Code Section 708.2A(2)(c) categorically meets the physical force requirement. Dkt. 57 pp. 4-5. It urges "[t]here is no way for someone to assault another with the intent to inflict serious injury or while using or displaying a dangerous weapon, that would not get past the force required." *Id.* p. 5.

It is well settled that it is a question of law for the court to decide if there is a contest over whether a prior conviction satisfies the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii). *See United States v. Howell*, 531 F.3d 621, 623-24 (8th Cir. 2008). "This is a question of law for the court, rather than one of fact for the jury." *Id.* at 623 (citation omitted).

For purposes of a complete report and recommendation, this Magistrate Judge will examine the Iowa assault statute under the categorical approach to determine if it meets the physical force requirement under 18 U.S.C. § 921(a)(33)(A)(ii). This Magistrate Judge will then consider whether the Iowa assault statute is divisible, warranting the application of the modified categorical approach. Finally, this Magistrate Judge will apply the modified categorical approach and examine the appropriate documents to determine whether the code section Defendant was convicted of meets the required physical force for a misdemeanor crime of domestic violence.

1.      **Categorical Approach Analysis**

To determine whether a conviction qualifies as a crime of domestic violence under the categorical approach, the court looks to the statute of conviction "to determine whether it necessarily 'ha[d], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon.' " *United States v. Castleman*, 572 U.S. 157, 168 (2014) (alteration in original) (quoting 18 U.S.C. § 921(a)(33)(A)). To apply the categorical approach the court compares the elements of the crime of conviction to the elements of the generic crime and determines whether they "sufficiently match." *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2248 (2016). If the crime of conviction covers any more conduct than the generic offense, then the offense does not qualify. *Id.* The court considers the offense generally, " 'that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.' " *United States v. Maid,* 772 F.3d 1118, 1120 (8th Cir. 2014) (quoting *United States v. Williams,* 627 F.3d 324, 327 (8th Cir. 2010) (citations omitted)).

a.      **Iowa Code Section 708.1**

Considering Iowa Code Section 708.1(2) and whether it has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon is relatively straightforward. Indeed, it has been recognized that Iowa Code Section 708.1(2)(a) is an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii). *See United States v. Smith,* 171 F.3d 617, 621 (8th Cir. 1999). In addition, it has also been recognized that Iowa Code Section 708.1(2)(b) does not contain as an element, the use or attempted use of force. *Id.* at 620.

The Eighth Circuit has also determined that, under Iowa Code Section 708.1(2)(c), both intentionally pointing a firearm towards another and displaying in a threatening manner any dangerous weapon towards another constituted a "threatened use of physical force" under United

States Sentencing Guidelines § 4B1.2(a)(1). *Maid,* 772 F.3d at 1120; *United States v. Boots,* 816 F.3d 971, 974 (8th Cir. 2016). However, these cases involve the question of whether the conviction qualified as a crime of violence under the sentencing guidelines. Under the sentencing guidelines, a crime of violence is defined as having as an element, "the use, attempted use, or threatened use of physical force against another." USSG § 4B1.2(a)(1). The definition of crime of domestic violence is identical, with the exception that the "threat" provision involves the "threatened use of a *deadly weapon*" – more specific and less general than under the sentencing guidelines which do not require the threat to involve a deadly weapon.

Regardless, under this section of the Iowa assault statute, intentionally pointing a firearm towards another or displaying in a threatening manner a dangerous weapon both include conduct that would fairly be deemed to be a threatened use of a deadly weapon. Iowa Code Section 702.7 defines "dangerous weapon" as follows:

> A "dangerous weapon" is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed, except a bow and arrow when possessed and used for hunting or any other lawful purpose. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon. Dangerous weapons include but are not limited to any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, switchblade knife, knife having a blade exceeding five inches in length, or any portable device or weapon directing an electric current, impulse, wave, or beam that produces a high-voltage pulse designed to immobilize a person.

Iowa Code Section 702.7. Intentionally pointing a firearm at another necessarily involves a threatened use of a deadly weapon in the same way the courts in *Maid* and *Boots* determined this involves a threat of physical force. Further, given the Iowa definition of deadly weapon includes both devices primarily designed for use in inflicting death or injury and devices actually used in such a

manner as to indicate a person intends to inflict death or serious injury upon another, displaying in a threatening manner such a weapon also necessarily involves a threatened use of a deadly weapon.

Applying the categorical approach to the Iowa assault statute demonstrates that Iowa Code Sections 708.1(2)(a) and (c) do have the required element of physical force, but that Iowa Code Section 708.1(2)(b) does not.  As such, under the categorical approach, because the statute of conviction includes more conduct beyond the use or attempted use of physical force, or the threatened use of a deadly weapon, Defendant's conviction would not be qualifying.

### b.      Iowa Code Section 708.2A(2)(c)

Defendant's judgment of conviction also includes a violation of Iowa Code Section 708.2A(2)(c), which provides that a person is guilty of an aggravated misdemeanor, if the domestic abuse assault is committed with the intent to inflict a serious injury upon another, or if the person uses or displays a dangerous weapon in connection with the assault. Iowa Code Section 708.2A(2)(c). The Eighth Circuit has recognized that applying the categorical analysis to the Iowa assault statute also must include an analysis of this section as well. *See United States v. McGee*, 890 F.3d 730, 736-37 (8th Cir. 2018) (examining Iowa Code Section 708.2(3)). The *McGee* court acknowledged that even if the subsections of Iowa Code Section 708.1 are means rather than elements under *Mathis*, *Mathis* explains that if statutory alternatives carry different punishments, then they must be elements. *Id.* (citing *Mathis*, 136 S.Ct. at 2256). Accordingly, Iowa Code Section 708.2A(2)(c) must be examined to determine whether it includes conduct that involves the use or attempted use of physical force, or the threatened use of a deadly weapon.

Examining this section, it certainly appears that the first portion, referring to an assault committed with the intent to inflict serious injury upon another, involves the use of physical force. Indeed, this section is similar to Iowa Code Section 708.2(a) defining assault as an act which is

intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, but with even more concerning conduct – acting with the intent to inflict serious injury.  Given that Iowa Code Section 708.2(a) has been found to be an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii) (*see Smith,* 171 F.3d at 621), this portion of Iowa Code Section 708.2A(2)(c) also includes qualifying conduct.

The balance of this section,  "if the person uses or displays a dangerous weapon in connection with the assault," presents a different question. In *McGee*, the Eighth Circuit notes:

> [i]n *United States v. Maid,* 772 F.3d 1118 (8th Cir. 2014), and again in *United States v. Boots,* 816 F.3d 971 (8th Cir. 2016), we held that convictions for Assault While Displaying a Dangerous Weapon under Iowa Code §§ 708.1 & 708.2(3) "categorically qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(1)." 816 F.3d at 974. We explained that intentionally pointing a firearm at another person and displaying a dangerous weapon toward another in a threatening manner constitute, categorically, "a 'threatened use of physical force' under USSG § 4B1.2(a)(1)." *Maid,* 772 F.3d at 1121.

*McGee,* 890 F.3d at 736. The Court concluded that, even after *Mathis*, *Boots* and *Maid* remain controlling authorities, and McGee's prior conviction under Iowa Code Sections 708.1 and 708.2(3) was a crime of violence under the sentencing guidelines. *Id.* at 736-37.

Despite the Court's holding in *McGee*, neither Defendant nor the Government contend that *Maid* and its progeny are controlling as to this section of the statute . Although Defendant discusses these cases in this context, he contends they do not apply because they involve application to the sentencing guidelines which differ than the crime of domestic violence statutory provisions. Dkt. 37-1 p. 9. The Government does not discuss these cases at all, contending without citation to any caselaw, "[t]here is no way for someone to assault another . . . while using or displaying a dangerous weapon that would not get past the force required for §922(a)(33)." Dkt. 57 p. 5.

This Magistrate Judge determines that, while helpful in the analysis, *Maid* and its progeny do not control the question of whether Iowa Code Section 708.2A(2)(c) involves the required physical force. This is since, in *Maid* and *Boots*, the defendants' state court convictions were clearly noted to be for both Iowa Code Section 708.1(3) [708.2(c)] and 708.2(3). *See Maid,* 772 F.3d at 1121; *Boots,* 816 F.3d at 973-74. Therefore, in both of those cases, because a specific subsection was noted in the judgement of conviction, it was apparent that the criminal conduct of the defendant necessarily involved intentionally pointing a firearm towards another or displaying in a threatening manner any dangerous weapon towards another as required by Iowa Code Section 708.1(3) [708.2(c)]. As set forth above, Iowa Code Section 708.2(c) meets the physical force requirement. Because the judgment of conviction in *Maid* and *Boots* both included this section, but it is not apparent this section was part of the judgment of conviction in *McGee* and is not part of the judgment of conviction in this case, this Magistrate Judge questions whether *McGee* holds Iowa Code Section 708.2A(2)(c) meets the physical force requirement. This is due to the fact, somewhat paradoxically, Iowa Code Section 708.2(c) requires a person to intentionally point a firearm or display in a threatening manner a dangerous weapon, which is more concerning conduct than using or displaying a dangerous weapon as required by Iowa Code Section 708.2A(2)(c).

Analyzing the language of Iowa Code Section 708.2A(2)(c) supports this conclusion. This Magistrate Judge does not believe using or displaying a dangerous weapon in connection with the assault meets the physical force required under the definition of crime of domestic violence. Although the Government contends to the contrary (Dkt. 57 p. 5), it provides no caselaw or other support for its contention. Indeed, it would certainly seem that one could "display" a dangerous weapon in a non-threatening manner, such as simply pointing to such a weapon, that would "place another in fear of immediate physical contact which will be painful, injurious, insulting, or

offensive" as required for an assault under Iowa Code Section 708.2(b). As set forth above, such an assault does not meet the physical force requirement for a crime of domestic violence. Consequently, even considering Iowa Code Section 708.2A(2)(c), this Magistrate Judge cannot determine Defendant's conviction qualifies under the categorical approach.

### 2.      Divisibility

The analysis now turns to the question of whether the Iowa assault statute is considered to be "divisible" which would call for review of the statute under the "modified categorical approach". As noted by the Eighth Circuit in *McGee*:

> [i]n determining whether an offense falls within the force clause, we focus on the generic elements of the offense, not on the facts underlying the defendant's prior conviction. If the statutory elements are listed in the disjunctive, we use a modified categorical approach to determine which statutory phrase was the basis for the conviction by consulting a limited universe of trial records such as charging documents, plea agreements and verdict forms. *See, e.g., United States v. Garcia–Longoria*, 819 F.3d 1063, 1065 (8th Cir. 2016). However, the modified categorical approach may not be used "when a statute, instead of merely laying out a crime's elements, lists alternative means of fulfilling one (or more) of them." *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2253, 195 L.Ed.2d 604 (2016). Under *Mathis*, if one of the alternative means does not fall within the force clause, the offense of conviction was not a crime of violence. *Id.* at 2257.

*McGee*, 890 F.3d at 735-36.

In *Mathis*, the Supreme Court explained that to determine divisibility, a court examines whether the listed items of an alternatively phrased statute are means or elements. *Mathis*, 136 S.Ct. at 2256-57. Although *Mathis* differs from the present case in that it dealt with the definition of force under the Armed Career Criminal Act (ACCA), the analysis is similar. As such, *Mathis* provides guidance regarding how the Eighth Circuit will address the issue in this case.

A crime qualifies under the ACCA if its *elements* are the same as, or narrower than, those of the generic offense. *Id.* But if the crime of conviction covers any more conduct than the generic

offense, then it is not an ACCA crime even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries. *Id.*

When a statute defines only a single crime with a single set of elements, application of the categorical approach is straightforward. *Id.* at 2245. But when a statute defines multiple crimes by listing multiple, alternative elements, the elements-matching required by the categorical approach is more difficult. *Id.* To decide whether a conviction under such a statute is for a listed ACCA offense, a sentencing court must discern which of the alternative elements was integral to the defendant's conviction. *Id.* That determination is made possible by the "modified categorical approach," which permits a court to look at a limited class of documents from the record of a prior conviction to determine what crime, with what elements, a defendant was convicted of before comparing that crime's elements to those of the generic offense. *Id.* at 2246-47 (*see*, *e.g., Shepard v. United States,* 544 U.S. 13, 26 (2005)).

*Mathis* considered the difference between elements and means. "Elements" are the "constituent parts" of a crime's legal definition–the things the "prosecution must prove to sustain a conviction." *Mathis,* 136 S.Ct. at 2248. "Elements" are the constituent parts of a crime's legal definition, which must be proved beyond a reasonable doubt to sustain a conviction; they are distinct from "facts," which are mere real-world things—extraneous to the crime's legal requirements and thus ignored by the categorical approach. *Id.* at 2245. On the other hand, "means" specifies "diverse means of satisfying a single element of a single crime–or otherwise said, spells out various factual ways of committing some component of the offense–a jury need not find (or a defendant admit) any particular item[.]" *Id.* at 2249.

Defendant contends the alternatives set forth in Iowa Code Section 708.1(2) are "means", as opposed to elements and, therefore, the categorical approach should be applied. Dkt. 37-1 p. 7.  The

Government counters, contending that the Eighth Circuit has held that Iowa Code Section 708.1 is divisible, citing two cases in support of that proposition. Dkt 55 p. 4, Dkt. 57 p. 4. However, one case, *Alonzo v. Lynch,* 821 F.3d 951 (8th Cir. 2016), although it does note that Iowa Code Section is divisible, was decided prior to *Mathis*.  The second case, although decided after *Mathis,* simply does not stand for the proposition as cited. Rather, such case specifically notes that, concerning the question of divisibility, the defendant "appears to agree [with the Government], stating, simply, that his offense is divisible." *United State v. Gaines,* 895 F.3d 1028, 1032 (8th Cir. 2018). The Court notes "[b]ecause [defendant] does not dispute the Government's argument, we accept it for purposes of this appeal." *Id.* at 1034 n. 4. Accordingly, it does not appear that there is an Eighth Circuit decision, post-*Mathis,* as to the question of whether Iowa Code Section 708.1 is divisible.

However, decisions from the Eighth Circuit do provide guidance on this question, including *Alonzo*. Although decided before *Mathis* and involving an immigration case with a question of whether a crime qualifies as a crime involving moral turpitude, the *Alonzo* court conducts an analysis of Iowa Code Section 708.1 that closely follows that required by *Mathis*:

> [s]ection 708.1 is a "divisible" statute; that is, it " 'sets out one or more elements of the offense in the alternative.' " *United States v. Boman*, 810 F.3d 534, 542 (8th Cir. 2016) (quoting *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (*en banc*); citing *Descamps v. United States*, ——U.S. ——, 133 S.Ct. 2276, 2282, 186 L.Ed.2d 438 (2013)). Not only do the subsections of § 708.1 set forth alternative ways in which one may violate the statute, but each subsection also provides for various ways to violate the statute, as indicated by the three subsections' use of "or." See *United States v. Bankhead*, 746 F.3d 323, 326 (8th Cir. 2014) ("The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive 'or.' "). Some of the alternatives provided for between and within the three subsections set forth in § 708.1 would constitute [a crime involving moral turpitude ], while others would not. See *Descamps*, 133 S.Ct. at 2283–84; see also *Esparza–Rodriguez v. Holder*, 699 F.3d 821, 825 (5th Cir. 2012)

*Alonzo,* 821 F.3d at 961-62.

The *Mathis* court noted that a single statute may list elements in the alternative and, thereby, define multiple crimes. *Mathis*, 136 S.Ct. at 2249. In that case, the statute at question – Iowa's burglary statute, was found not to be divisible because it does not list multiple elements disjunctively, but instead enumerates various factual means of committing a single element. *Id.* As noted by the court in *Alonzo,* Iowa Code Section 708.1(2) lists elements in the alternative, thereby defining multiple ways to commit assault and multiple crimes. *Alonzo,* 821 F.3d at 961-62. Iowa Code Section 708.1(2) provides:

> 2. A person commits an assault when, without justification, the person *does any of the following*:
>
>> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>>
>> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>>
>> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code Section 708.1(2) (emphasis added). By requiring a disjunctive reading, the legislature set forth elements in the alternative.

This analysis is supported by post-*Mathis* case law from the Eighth Circuit.  In *United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2018), the defendant had been charged under the South Dakota simple assault statute which provides in relevant part:

> Any person who:
>
>> (1) Attempts to cause bodily injury to another and has the actual ability to cause the injury;
>>
>> (2) Recklessly causes bodily injury to another;

(3) Negligently causes bodily injury to another with a dangerous weapon;

(4) Attempts by physical menace or credible threat to put another in fear of imminent bodily harm, with or without the actual ability to harm the other person; or

(5) Intentionally causes bodily injury to another which does not result in serious bodily injury;

is guilty of simple assault.

S.D. Codified Laws § 22–18–1.

As with Iowa Code 708.1(2), the South Dakota simple assault statute requires a disjunctive reading as it contains an "or" between subsections (4) and (5). This is important as the court noted that "[t]he South Dakota assault statute effectively lists at least five separate crimes with different elements. It is, in the parlance of the field, a 'divisible statute.' " *Id.* at 747 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). The court then applied the modified categorical approach to determine which alternative formed the basis for the defendant's conviction. *Id.* It also noted the "demand for certainty" when making such a determination, as recently discussed by the Supreme Court in *Mathis*. *Id.* at 748-49.

In *United States v. Hataway*. 933 F.3d 940, 945 (8th Cir. 2019), the Eighth Circuit also examined a statute with a structure similar to the statute at question here.  In that case, the defendant had been convicted of aggravated assault under the Arkansas Code. *Id.* at 943. The statute of conviction provided:

(a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:

(1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person;

(2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person; or

> (3) Impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the other person.

Ark. Code Ann. § 5-13-204(a). The Court noted it had previously held this statute to be divisible (without noting it was prior to *Mathis*) and applied the modified categorical approach to determine whether the defendant's conviction qualified under the ACCA. *Id.* at 943-45. As with Iowa Code 708.1(2), the Arkansas aggravated assault requires a disjunctive reading as it contains an "or" between subsections (2) and (3).

For these reasons, this Magistrate Judge determines the Eighth Circuit would conclude Iowa Code Section 708.1(2) is divisible and would apply the modified categorical approach to determine whether a prior conviction qualifies as a crime of domestic violence.

### 3.      Modified Categorical Approach

In *Taylor v. United States,* 495 U.S. 575, 600 (1990), the Supreme Court held that the ACCA requires courts to use a framework known as the categorical approach when deciding whether an offense "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson v. United States*, ––– U.S. –––, 135 S.Ct. 2551, 2562 (2015). The court in *Taylor* explained that the relevant part of the ACCA "refers to 'a person who ... has three previous convictions' for—not a person who has committed—three previous violent felonies or drug offenses." *Id.* (quoting *Taylor,* 495 U.S. at 600). This emphasis on convictions indicates that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Id.* (quoting *Taylor,* 495 U.S. at 600). *Taylor* also pointed out the utter impracticability of requiring a sentencing court to reconstruct, long after the original

conviction, the conduct underlying that conviction. *Id.* For example, if the original conviction rested on a guilty plea, no record of the underlying facts may be available. "[T]he only plausible interpretation" of the law, therefore, requires use of the categorical approach. *Id.* (citing *Taylor,* 495 U.S. at 602).

At the same time, *Taylor* recognized a "narrow range of cases" in which sentencing courts—applying what the court would later dub the "modified categorical approach"— may look beyond the statutory elements to "the charging paper and jury instructions" used in a case. *Descamps,* 570 U.S. at 261 (citing *Taylor,* 495 U.S. at 602). The starting point for a court is to apply the categorical approach, however, if the statute of conviction is determined to be divisible, the court may utilize the modified categorical approach which permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Descamps,* 570 U.S. at 257. Specifically, under the modified categorical approach, the court can then look to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by defendant, or to some comparable judicial record of this information. *Shepard v. United States*, 544 U.S. 13, 26 (2005).  In *Castleman,* examining whether a conviction qualified as a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9), the Court noted that it follows the analytic approach of both *Taylor* and *Shepard. Castleman,* 572 U.S. at 168.

Performing this review in this case demonstrates the following: Defendant pled guilty, and was convicted of, Count 2, Domestic Abuse Assault, an aggravated misdemeanor on October 19, 2016. Government's Exhibits 2, 3. The Trial Information states as follows under Count 2:

**DOMESTIC ABUSE ASSAULT**, a(n) **Aggravated Misdemeanor**, in violation of Iowa Code Section(s) **708.2A(1), 708.2A(2)(C)** in that;

The Defendant, on or about July 6, 2016, in Johnson County, Iowa, did commit a domestic assault against and did use or display a dangerous weapon to wit, the Defendant punched the victim repeatedly and hit her ankle with a crowbar causing swelling bruising and pain.

Government's Exhibit 1. Defendant filed a written Waiver of Rights and Plea of Guilty to Count 2 on October 19, 2016. Government's Exhibit 2.  The written guilty plea provides in relevant part:

10. By declaring myself guilty of this offense, I admit to the Court that the State can prove all the elements of this offense so that there remains no reasonable doubt and there is a basis in reality which establishes my guilt.

\* \* \*

13. I have read the minutes of testimony filed in this case, and admit that they are essentially accurate with respect to the charge(s) to which I am pleading guilty. I further state that given those facts, I believe I would not prevail in any effort to contest these matters, and were this case to proceed to trial, the facts as outlined by the State, via competent evidence would show beyond a reasonable doubt to the satisfaction of a jury that I am guilty of the charges to which I now plead guilty.

Government's Exhibit 2. In its Order Accepting Guilty Plea & Entering Judgement & Sentence, the Court notes that from a review of the written guilty plea, review of the trial information and the minutes of testimony, there is a factual basis for the plea. Government's Exhibit 3. As such, through these documents, Defendant has admitted to the circumstances of the offense as set forth in the charging document.

Examining these circumstances, although the Trial Information cites to Iowa Code Section 708.2A(1), which includes an offense that does not meet the force requirement (Iowa Code Section 708.1(2)(b) and Iowa Code Section 708.2A(2)(c), which also includes offenses this Magistrate Judge does not believe meets the force requirement (as set forth above), the Trial Information also sets forth offense conduct that clearly meets the force requirement. In *Castleman,* the circumstances were similar – the charging document referenced an over-inclusive divisible statute defining assault.

*Castleman,* 572 U.S. at 168-70. Applying the modified categorical approach, the Court determined the defendant had committed a crime of domestic violence because the charging document made clear the use of physical force was an element of his conviction. *Id.* Here, the Trial Information alleges Defendant "did use or display a dangerous weapon to wit, the Defendant punched the victim repeatedly and hit her ankle with a crowbar causing swelling bruising and pain." Government's Exhibit 1. By admitting to this conduct, it is clear Defendant committed an assault under Iowa Code Section 708.1(2)(a). As set forth above, this section meets the requirement of physical force to qualify as a "misdemeanor crime of domestic violence" under Title 18, United States Code, Section 921(33)(A)(ii). For those reasons, this Magistrate Judge recommends the motion seeking to strike the allegation under 18 U.S.C. § 922(g)(9) be denied.

## IV.     RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED, Defendant's Motion to Strike or Dismiss Certain Allegations in the Indictment (Dkt. No. 37) based upon a facial challenge to 18 U.S.C. § 922(g)(3) be denied. IT IS FURTHER RESPECTFULLY RECOMMENDED that ruling on the Motion based upon an as applied challenge to 18 U.S.C. § 922(g)(3) should be deferred pursuant to Federal Rule of Criminal Procedure 12(d) until a trial on the merits.

FINALLY, IT IS RESPECTFULLY RECOMMENDED that the request in the Motion to strike the allegation under 18 U.S.C. § 922(g)(9) be denied.

IT IS ORDERED that, pursuant to the agreement stipulated to at the arraignment hearing [Dkt. 72], the parties shall have until November 13, 2019 to file written objections to the Report and Recommendation, pursuant to 20 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(2), and Local Crim. Rule 59.

**IT IS SO ORDERED.**

**DATED** this 6th day of November, 2019.

STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE